DECISION AND JOURNAL ENTRY
Defendant Clayton Parker has appealed from his conviction in the Lorain County Common Pleas Court of burglary, a violation of R.C. 2911.12(A)(1). This Court affirms.
 I.
On April 27, 1998, at approximately 9:50 p.m., Thomas Passanisi went out into his garage to make sure that the garage door was closed. As he entered the garage from his house, he hit the garage door button, which activated the overhead light. As the garage light came on, Mr. Passanisi heard a cupboard door slam, and he saw Defendant running out of the garage. He shouted for Defendant to stop. Defendant stopped a few feet outside the garage, and Mr. Passanisi held him until the police arrived.
On June 2, 1998, Defendant was indicted by the Lorain County Grand Jury on one count of burglary. A jury trial was held on September 1, 1998. The jury found Defendant guilty, and the trial court sentenced him accordingly. Defendant timely appealed, asserting two assignments of error.
 II.
A.
 [The] trial court erred when it sustained the conviction of [Defendant] because the manifest weight of the evidence in this case was insufficient to support the jury verdict of guilty to the charge of burglary.
 In his second assignment of error, Defendant has essentially asserted two separate arguments.[1] First, he has asserted that the jury's verdict was against the manifest weight of the evidence. Second, he has asserted that his conviction was not supported by sufficient evidence. This Court disagrees with both of his assertions.
First, Defendant has asserted that the jury's verdict was against the manifest weight of the evidence. To determine whether a conviction is against the manifest weight of the evidence:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quotingState v. Martin (1983), 20 Ohio App.3d 172, 175; see, also,State v. Otten (1986), 33 Ohio App.3d 339, 340.
The State presented evidence that Defendant, without permission, entered into Mr. Passanisi's garage, which was attached to his house, at 9:50 p.m. Mr. Passanisi heard a cupboard door slam shut prior to seeing Defendant run from the garage. From this evidence, a reasonable jury could infer that Defendant had entered Mr. Passanisi's garage with the intent to commit a criminal offense. Officer Harold White testified that, after he read Defendant his Miranda rights, he asked Defendant why he was in Mr. Passanisi's garage. According to Officer White, Defendant stated that he had just left a party at a nearby trailer park and that he stopped at Mr. Passanisi's house to use the phone. Defendant then gave Officer White the phone number of the person who was having the party. Officer White dialed the number that Defendant gave him and spoke with a man who stated that he knew Defendant. Officer White also testified that there were numerous businesses in the neighborhood that had pay phones available to the public. After reviewing the record, this Court cannot conclude that the jury clearly lost its way and created a manifest miscarriage of justice. Therefore, Defendant's argument that the jury verdict was against the manifest weight of the evidence is without merit.
Second, Defendant has asserted that the evidence presented at trial was insufficient to sustain his conviction for burglary. To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus; see, also, Thompkins, 78 Ohio St.3d at 386
("`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law"). "Becausesufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency."State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported at 4. Based on this Court's determination that the jury verdict was not against the manifest weight of the evidence, Defendant's sufficiency argument is also without merit. Accordingly, Defendant's second assignment of error is overruled.
B.
 It was plain error for the trial court not to properly instruct [the] jury on a lesser included offense.
 In his first assignment of error, Defendant has claimed that the trial court erred when it failed to instruct the jury with regards to any lesser included offenses of burglary. Specifically, Defendant has asserted that the trial court should have instructed the jury on breaking and entering and criminal trespass. This Court disagrees.
It is important to note that Defendant failed to object to the jury instructions at trial. Crim.R. 30(A) provides, in pertinent part:
 On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection.
 As a result of his failure to object, Defendant has waived all but plain error. See State v. Bey (1999), 85 Ohio St.3d 487, 497. Notice of plain error is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Long
(1978), 53 Ohio St.2d 91, paragraph three of the syllabus. Plain error does not exist unless, but for the error, the outcome at trial would clearly have been different. State v. Moreland (1990), 50 Ohio St.3d 58, 62.
Under the plain error standard, even if the trial court should have given an instruction on a lesser included offense, a defendant must demonstrate that but for the trial court's error, the outcome of the trial would have been different. State v.Beasley (June 1, 1998), Stark App. No. 1997CA00423, 1998 Ohio App. LEXIS 3112, at *13. A trial court is only required to instruct the jury on a lesser included offense when the evidence presented at trial would reasonably support both an acquittal on the crime charged, and a conviction on the lesser included offense. Statev. Thomas (1988), 40 Ohio St.3d 213, paragraph two of the syllabus.
 An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense.
State v. Deem (1988), 40 Ohio St.3d 205, paragraph three of the syllabus.
First, Defendant has asserted that the trial court should have given the jury an instruction on breaking and entering. Defendant has contended that he was entitled to the instruction because breaking and entering is a lesser included offense of burglary. R.C. 2911.12 defines burglary, in pertinent part, as:
 (A) No person, by force, stealth, or deception, shall do any of the following:
 (1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person * * * is present, with purpose to commit [therein] any criminal offense[.]
Breaking and entering is defined as:
 (A) No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony.
 (B) No person shall trespass on the land or premises of another, with purpose to commit a felony.
R.C. 2911.13. Breaking and entering requires entrance into an unoccupied structure with purpose to commit a felony; whereas, burglary requires entrance into an occupied structure. Beasley, supra, at *7. As such, burglary can be committed without committing breaking and entering. Breaking and entering, therefore, is not a lesser included offense of burglary. Id. Accordingly, Defendant was not entitled to a jury instruction on breaking and entering.
Second, Defendant has asserted that he was entitled to a jury instruction on the offense of criminal trespass. R.C. 2911.21
defines criminal trespass, in pertinent part, as:
 (A) No person, without privilege to do so, shall do any of the following:
 (1) Knowingly enter or remain on the land or premises of another[.]
Criminal trespass is a lesser included offense of burglary because one need only knowingly enter or remain on the land of another without privilege to do so. Beasley, supra, at *7. However, in order to be entitled to the instruction, the evidence presented at trial must have been such that it would reasonably support both an acquittal on the crime charged, and a conviction on the lesser included offense. Defendant's statements to the police officer that he went into Mr. Passanisi's darkened garage at 9:50 p.m. to attempt to find a phone does not reasonably support an acquittal on the burglary charge. Therefore, Defendant was not entitled to an instruction on criminal trespass.
Further, Defendant has not demonstrated that but for the trial court's failure to give an instruction on criminal trespass, the outcome of the trial would have been different. This Court concludes that the result of the trial would not have been different had the trial court instructed the jury on criminal trespass because no reasonable person would have found that Defendant entered into Mr. Passanisi's unlit garage at 9:50 p.m. with the sole intention of looking for a phone. Therefore, the trial court's failure to instruct the jury on criminal trespass did not rise to the level of plain error. Accordingly, Defendant's first assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
SLABY, P.J., CARR, J., CONCUR.
[1] Defendant's second assignment of error will be addressed first for ease of discussion.